THE STATE v. REININGHAUS.

1. **Criminal Law**: AMOUNT OF PENALTY: STATEMENT BY DISTRICT ATTORNEY. A statement by the district attorney that, if the defendant pleads guilty, his fine will probably not exceed a certain amount. does not afford ground for reversal if, after a plea of guilty is entered the penalty fixed by the court shall exceed the sum stated.

2. ——: CIRCUMSTANCES IN MITIGATION. The right to introduce circumstances in mitigation of penalty may be waived; the failure to exercise it cannot be made available to obtain a new trial.

*Appeal from Van Buren District Court.*

SATURDAY, APRIL 22.

THE defendant was indicted for a nuisance committed as follows: "The said defendant, at said county of Van Buren, on the 15th day of September, 1873, did there and then use, keep, and control a certain stand or booth on the fair ground, at which he then and there sold intoxicating liquor, to the great common nuisance of all the people of said State."

On August 19th, 1874, the defendant entered a plea of not guilty, and filed a motion for a continuance on the ground of the absence of a material witness. The District Attorney admitted that the witness named would testify as set forth in the affidavit for a continuance, and thereupon the court overruled the motion.

Afterward the defendant withdrew his plea of not guilty, and filed a plea of guilty. The cause coming on for judgment on the 22nd of August, 1874, the court fined the defendant two hundred dollars and costs, and ordered that he stand committed until the judgment be paid. On the same day the court adjourned to a special term to be held on the 23d day of November, 1874. This term was not held.

Afterward, at the January Term, 1875, of said court, the defendant filed a motion for a new trial, supported by an affidavit, as follows: "I, Bertrand Jones, of counsel for defendant, swear that I was one of defendant's attorneys in the above entitled cause, at the August Term of said court, for the year 1874. That after waiting three days for trial in said cause at said term, my client, the defendant, came to me and informed me that he would rather plead guilty and pay a light fine, than have to remain at court to the neglect of his business. I therefore went to M. II. Jones, Esq., the district attorney, and after telling him what the defendant had said, I asked him what would probably be the fine in case defendant entered a plea of guilty. Mr. Jones answered that of course he had no control of that matter, but said he thought the court would impose a light fine of twenty-five or fifty dollars, or possibly he used the expression from twenty-five to fifty dollars. I would not positively state which form he used. And thereupon the plea of not guilty, theretofore entered in the case, was withdrawn, and a plea of guilty substituted. I further swear that I am satisfied that my client would not have pleaded guilty, but would have stood a trial, had he supposed the fine would have been above fifty dollars on judgment on a plea of guilty."

The court overruled the motion for a new trial. Defendant appeals.

*Bertrand Jones* and *F. & F. H. Semple*, for appellant.

No argument for the State.

DAY, J.—I. It is claimed by appellant that an arrangement was made between the attorney of defendant and the district attorney, which was binding and obligatory upon the State and the court, that the fine should not exceed fifty dollars. This position is wholly without support in the record. The district attorney, even if he should undertake to do so, could make no arrangement binding upon the court, as to the amount of fine to be imposed in a given case. And the affi-

The State v. Reininghaus.

davit filed by defendant shows clearly that the district attor-
ney in this case did not undertake to do any such thing. He
told defendant's attorney that "of course he had no control
of that matter." What followed was a mere expression of an
opinion; an opinion upon which defendant had no right to
rely, and by which the action of the court cannot be governed.

II. It is further urged that the defendant had the right,
before sentence, to be heard either by himself or through
counsel, in the way of presenting to the court cir-
cumstances in mitigation. This may be admitted.
But this is a privilege granted the defendant which he may
waive. The record does not show that the defendant offered
to introduce anything by way of mitigation, or that he was
denied the privilege of doing so. It is claimed the sentence
was pronounced in the absence of defendant's attorney, and
hence no opportunity was afforded to present mitigating cir-
cumstances. The record does not show defendant's attorney
was absent at the time of sentence. The motion for a new trial
states he was absent but the motion is not sworn to, and it does
not establish any fact. Besides, matters in mitigation might
have been shown by affidavit at any time after the plea was
filed. The presence of defendant's attorney was not necessary
for that purpose.

III. It is further urged that the fine is excessive and
unauthorized. Reference is made to section 1114 of the
Code, punishing the sale of intoxicating liquors within one
hundred and sixty rods of the inclosure where any county or
district agricultural society fair is being held, by fine not
more than fifty dollars. It is claimed the defendant comes
under this provision. But this provides the punishment for
*selling* intoxicating liquors. The defendant was indicted for
and he pleaded guilty of the crime of keeping a nuisance.
The punishment for this offense is a fine not exceeding one
thousand dollars. Code, sections 1543 and 4092.

We discover no error in the record.

AFFIRMED.